SHAFFER *v.* ALDEN.

> Trial of the right of property. The goods were taken as the property of
> *B.* on a writ of attachment against him by *A.* *B.* had executed a deed
> to *C.* for the goods in trust for the payment of certain specified debts;
> the deed provided that after the debts were paid, the overplus should
> be paid by *C.* to *B.*; afterwards *B.* executed another deed to *C.* in trust
> for the payment of other specified debts, after the debts first specified
> were paid, and providing that the overplus be paid to *B.*; after the exe-
> cution of the deed and delivery of the property, *A.* took out an attach-
> ment and had it levied on said goods. *C.* obtained judgment. *Held*,
> that there was no error, as the record did not show that *A.* proved, on
> the trial, independently of his affidavit, the existence of a debt due him
> from *B.*

Tuesday,        APPEAL from the *Bartholomew* Circuit Court.
May 28.         BLACKFORD, J.—This was a proceeding commenced on
the 12th of *March*, 1847, before a justice of the peace,
by *Alden* against *Shaffer*, to try the right of property in
certain goods.   The goods had been taken by the sheriff
of *Bartholomew* county as the property of one *Meredith*,
on a writ of attachment against *Meredith* in favor of
*Shaffer*.   The defendant obtained a verdict and judgment
before the justice.   *Alden* appealed to the Circuit Court,
and there obtained a judgment in his favor.   *Shaffer*
moved for a new trial, but the motion was overruled.

The material facts are as follow :

On the 30th of *May*, 1846, *Meredith*, being a merchant,
and having in his store about 3,000 dollars' worth of mer-
chandise, executed a deed for the goods to *Alden*, in trust
for the payment of certain specified debts, amounting to
about 1,400 dollars.   The deed provided that, after said
debts were paid, the overplus of goods, money, or secu-
rities, should be delivered by *Alden* to *Meredith*.   The
deed was recorded on the 27th of *July*, 1846.

On the 15th of *June*, 1846, *Meredith*, still having possession of the goods, except such of them as he had sold, executed another deed for the goods on hand to *Alden*, in trust for the payment (after the debts named in the previous deed were paid) of other specified debts amounting to near 1,200 dollars. This second deed also provided that the overplus of moneys and goods should be transferred to *Meredith* by *Alden*. This deed was recorded on the 27th of *July*, 1846.

In *February*, 1847, *Meredith* delivered possession of the goods remaining on hand to *Alden*. About two weeks after such delivery, namely, on the 23d of *February*, 1847, *Shaffer* took out an attachment against *Meredith's* goods, which attachment, on the next day after it issued, was levied on the goods in *Alden's* possession. The goods thus levied on were worth about 1,400 dollars. *Shaffer's* claim, as sworn to, amounted to 161 dollars.

There was some evidence relative to *Meredith's* receiving and putting into his store some additional merchandise, after the execution of the deeds of trust; but the evidence is too indefinite to require further notice.

*Shaffer* contends that the deeds of trust are void as to him, on account of their containing a reservation for *Meredith* of the overplus, after payment of the specified debts. This objection to the deeds would have been valid, if *Shaffer* had been a creditor of *Meredith* when the deeds were executed. 2 Kent's Comm. 535.—*Goodrich* v. *Downes*, 6 Hill, 238.—*Barney* v. *Griffin et al.*, 8 N. York, L. O. 68. Whether the objection, had it rested on the ground that *Shaffer* was a subsequent creditor, could have been sustained, we need not stop to inquire. In the case before us, the transcript, which contains all the evidence, does not show that *Shaffer* proved that he was, at any time, a creditor of *Meredith*. The only mention of the subject made in the transcript is the following : "That the goods attached were of the value of 1,422 dollars and 55 cents, under the attachment of *Charles Shaffer*, whose claim, as sworn to, amounted to the sum of 161 dollars." All we understand from that passage is, that *Shaffer's* affidavit to

procure the attachment stated that his claim amounted to 161 dollars. The passage does not show that *Shaffer* proved on the trial, independently of his own affidavit, the existence of a debt due to him from *Meredith*.

The deeds, notwithstanding the reservation of the overplus, were valid as to the parties to them; and it was impossible for *Shaffer* to object to the deeds on account of that reservation without other proof than his own affidavit, that he was a creditor of *Meredith*.

*Shaffer* also objects to the deeds because of *Meredith* retaining possession of the goods. We need not inquire as to what would have been the effect of that possession, had *Shaffer* been a creditor of *Meredith*. As the case stands, there can be nothing in the objection.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*L. F. Coppersmith*, for the appellant.

*J. G. Marshall*, for the appellee.